## Noon v. Gregory

*Clement E. Kisailus,* for plaintiffs.
*C. Stephen Gurdin, Jr.,* for defendants.

PODCASY, *J.,* December 24, 1980—In this action in slander Linda Noon, one of plaintiffs, alleges that defendant referred to her as "a whore," for which she seeks damages. Preliminary objections have

been filed, and the sole question before us is whether these objections should be sustained because of plaintiff's failure to plead special damages.

Sections 570 and 571(b) of the Restatement, 2d, Torts, provides that the imputation to another of serious sexual misconduct or conduct regarded by public opinion as involving moral turpitude is actionable per se without proof of special damages.

Defendants' counsel contends that there have been no cases within the Commonwealth which have held that to falsely charge a woman with lack of chastity is slanderous per se. We would suggest that counsel be more thorough in his legal research. A most casual examination of 22 P.L.E., Libel and Slander § 13, indicates that it has long been settled law in this Commonwealth that to falsely charge a woman with lack of chastity is indeed slanderous per se. Hartranft v. Hesser, 34 Pa. 117 (1859), is precisely on point with specific reference to calling a woman "a whore," and Vanderlip v. Roe, 23 Pa. 82 (1854), is analogous with reference to falsely charging a woman with fornication.

Defendants' counsel contends further that our established law on this subject is "out of date with the times" because of the adoption of the Equal Rights Amendment to the Pennsylvania Constitution. We disagree.

The Equal Rights Amendment to our state constitution, adopted May 18, 1971, as Art. I, § 28, provides as follows: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Defendants would have us hold that this amendment obliges us to ignore all precedent and to require allegation and proof of special damages in an action in slander in which a woman is charged with lack of chastity on the ground that

there have been no Pennsylvania cases which have allowed a man to recover damages for slander without proof of special damages where he has been falsely charged with lack of chastity.

The question now before us involves an action by a female plaintiff, and we do not believe that it was the intention of the Equal Rights Amendment to abridge the rights of a female plaintiff in this situation. If and when we are called upon to decide the rights of a male plaintiff in a like situation, we shall render the necessary decision, subject to review by our appellate courts.

In view of the fact that our Supreme Court in its opinion in Baird v. Dun & Bradstreet, Inc., 446 Pa. 266, 285 A. 2d 166 (1971), written on December 20, 1971, more than seven months after adoption of our Equal Rights Amendment, has already held that to falsely charge a male plaintiff with having been indicted for adultery is libelous per se, we have reason to believe that our appellate courts are unlikely to be of the opinion that adoption of the Equal Rights Amendment has diminished the rights of either male or female in actions such as the actions in slander now before us. We shall therefore dismiss defendants' preliminary objections. Our order follows.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Defendants' preliminary objections are dismissed;

(2) Defendants are hereby directed that, if they desire to file an answer to plaintiffs' complaint, their answer must be filed within 20 days after receipt of a copy of this order unless said time period is

extended by stipulation of counsel or by further order of court; and

(3) The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.